IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wesley Devon Foote, #23281-057, | ) | C/A No.: 1:16-1658-MGL-SVH |
| | ) | |
|            Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| M. Travis Bragg, Warden, F.C.I. Bennettsville, | ) | |
| | ) | |
|            Respondent. | ) | |
| | ) | |

      Wesley Devon Foote ("Petitioner"), proceeding pro se, is incarcerated at the Federal Correctional Institution ("FCI") in Bennettsville, South Carolina. He filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without requiring the respondent to file an answer.

I.     Factual and Procedural Background

      On July 13, 2006, Petitioner pled guilty in the United States District Court for the Middle District of North Carolina to three counts of distribution of crack cocaine. *United States v. Wesley Devon Foote*, 1:06-cr-177-NCT (M.D.N.C. 2009) ("*Foote*") at ECF Nos.

13, 18.[1] He was sentenced on November 2, 2006, to 262 months' imprisonment. *Id.*, ECF No. 13. On January 29, 2007, Petitioner filed a notice of appeal, and the Fourth Circuit Court of Appeals ("Fourth Circuit") issued an order on October 5, 2007, affirming Petitioner's sentence. *Id.*, ECF Nos. 15, 21. Petitioner appealed to the United States Supreme Court, which subsequently vacated Petitioner's sentence and remanded the case to the Fourth Circuit. *Id.*, ECF No. 23. On remand, the Fourth Circuit vacated Petitioner's sentience and remanded Petitioner's case to the district court for resentencing. *Id.* On September 25, 2009, the district court resentenced Petitioner to 262 months' imprisonment. *Id.*, ECF No. 32. Petitioner filed a notice of appeal, and on September 14, 2010, the Fourth Circuit affirmed his sentence. *Id.*, ECF Nos. 33, 39.

On January 21, 2011, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set, aside, or correct his sentence, as amended on August 3, 2012. *Id.*, ECF Nos. 48, 70. The district court denied Petitioner's § 2255 motion on November 7, 2013. *Id.*, ECF No. 89. On November 14, 2013, Petitioner filed a notice of appeal, and on April 27, 2015, the Fourth Circuit affirmed the judgment. *Id.*, ECF Nos. 92, 99. Petitioner filed this § 2241 petition challenging his sentence, arguing he is actually innocent of the career offender enhancement. [ECF No. 1 at 6–8].

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.     Analysis

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*,

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807 (finding that if a federal prisoner brings a § 2241 petition that does not fall within the scope of this savings clause, then the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction").

The Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction and does

not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); *Farrow v. Revell*, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). As the Supreme Court has told us, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Further, "[b]efore a second or successive application [under § 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). Additionally, the AEDPA contains a one-year statute of limitations.[3]

---

[3] Section 2255 contains a one-year limitations period, which runs "from the latest of –
    (1) the date on which the judgment of conviction becomes final;

In this case, Petitioner claims his sentence is illegal in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). [ECF Nos. 1 at 5, 6–8; 1-1 at 7–8]. However, Petitioner provides no factual allegations to plausibly suggest that *Simmons* decriminalized the conduct for which Petitioner was convicted or that such conduct has been deemed non-criminal by any substantive law change since his first § 2255 motion. *See Smith v. United States*, C/A Nos. 3:12-cv-10-GCM, 3:09-cr-16-GCM-1, 2014 WL 6808627, at *4 (W.D.N.C. Dec. 2, 2014) (denying relief under § 2241 and noting that the "change in law as set forth in *Simmons* . . . did not serve to render [the petitioner's] conviction noncriminal"). As Petitioner cannot satisfy the criteria to invoke § 2255's savings clause to proceed under § 2241, this court lacks jurisdiction to consider the petition in this case. This case is subject to summary dismissal.

III.  Conclusion and Recommendation

Accordingly, the court recommends that the petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

---

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 16, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).